**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **PAUL W. KELLER,**<br>**TAUNYIA K. MICHIE,**<br>**HEATHER J. BARNES-BRATTEN,**<br>**JESSICA E. BACKUS, and**<br>**HAILIE DANIELS,**<br>**INDIVIDUALLY AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY-SITUATED,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LACHMAN, INC., d/b/a South Beach Grill,**<br>**CHARITY F. MADDEN, and**<br>**BYRON E. MADDEN, JR.,**<br><br>**Defendants.** | **Civil Action No. 2:26cv249** |

## COLLECTIVE ACTION COMPLAINT

The plaintiffs, Paul W. Keller, Taunyia K. Michie, Heather J. Barnes-Bratten, Jessica E. Backus, and Hailie Daniels (hereinafter "Plaintiffs"), by counsel, bring this action against defendants Lachman, Inc., d/b/a South Beach Grill, Charity F. Madden, and Byron E. Madden, Jr., on behalf of themselves and all other similarly-situated current and former employees of the Defendants[1], for

[1] Hereinafter, the plaintiffs will no longer include the phrase "on behalf of themselves and all other similarly-situated current and former employees of the Defendants" but the entire pleading should be treated as being filed on behalf of all similarly-situated current and former employees.

requiring them to work “off the clock” and failing to pay wages at the required federal and state minimum hourly wage rates, for illegally availing itself of the federal tip credit, and for illegally retaining and/or using tips belonging to the plaintiffs, all in violation of the Fair Labor Standards Act (“FLSA”), 29 U.S.C. §§ 201, *et seq.*, the Virginia Wage Payment Act (Va. Code § 40.1-29), and the Virginia Minimum Wage Act (Va. Code §§ 40.1-28.8 to 40.1-28.12).

Plaintiffs seek unpaid wages and improperly withheld tips, liquidated damages, prejudgment interest, post-judgment interest, attorney’s fees, and costs owed to them and all similarly-situated employees of Defendants who were employed at any time within the three years preceding the filing of this lawsuit and up through the date that the violations cease (assuming they do cease), but no earlier than March 17, 2026. In support thereof, Plaintiffs state as follows:

## *I. Preliminary Statement*

1. This is a collective action brought by five workers formerly or currently employed as bartenders and/or servers by Defendants on an hourly basis. Plaintiffs contend that Defendants engaged in a pattern and practice of unlawful conduct resulting in violations of their rights and those similarly-situated to them under the FLSA, the Virginia Wage Payment Act, and the Virginia Minimum Wage Act. In particular, the Defendants regularly and illegally – that is, each and every day that the Plaintiffs worked – had the plaintiffs work off the clock hours for which they received no compensation. On other occasions, the Defendants held mandatory meetings for which they also failed to compensate

the Plaintiffs. In addition, the Plaintiffs who worked as bartenders were routinely required to pool their tips and share them with managerial personnel, including Charity Madden herself, or individuals who were not actual employees of the restaurant. Finally, the Defendants kept portions of tips received by and belonging to the Plaintiffs for themselves and/or used them to discharge in whole or in part the Defendants' other obligations. Because the Defendants also regularly and illegally availed themselves of the federal tip credit, they failed to pay their bartenders and servers at the required minimum wage rate both under federal and state law. As a result, the Defendants owe the Plaintiffs unpaid wages, their tips, liquidated damages, attorneys fees, prejudgment and post-judgment interest, and costs.

## *II. Parties, Jurisdiction and Venue*

2. The plaintiff Paul W. Keller ("Keller") is an individual who presently resides in Virginia Beach, Virginia and previously worked for the Defendants.

3. The plaintiff Taunyia K. Michie ("Michie") is an individual who presently resides in Virginia Beach, Virginia and has worked for and continues to work for the Defendants.

4. The plaintiff Heather J. Barnes-Bratten ("Barnes-Bratten") is an individual who presently resides in Virginia Beach, Virginia and previously worked for the Defendants.

5. The plaintiff Jessica E. Backus ("Backus") is an individual who presently resides in Chesapeake, Virginia and previously worked for the Defendants.

6. The plaintiff Hailie Daniels ("Daniels") is an individual who presently resides in Virginia Beach, Virginia and previously worked for the Defendants.

7. The defendant Lachman, Inc., d/b/a South Beach Grill (hereinafter "South Beach Grill"), is a Virginia corporation with its principal place of business located at 1091 Norfolk Ave in Virginia Beach, Virginia.

8. The defendant Charity F. Madden is the President and part owner of South Beach Grill. She also works almost every day in the restaurant and is there generally when the restaurant closes.

9. The defendant Byron E. Madden, Jr. is the Vice President and part owner of South Beach Grill. He also works almost every day in the restaurant and generally works during the day shift.

10. Within the three years prior to the filing of this action, each of the Plaintiffs was a non-exempt hourly employee of the Defendants.

11. The Court has personal jurisdiction over the Defendants as each routinely transacts business in Virginia and is subject to personal service of process in Virginia.

12. The Court has federal question subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as the claims are for unpaid wages,

liquidated damages, and other relief under 29 U.S.C. § 206(a) and 29 U.S.C. § 216(b) of the FLSA.

13. The Court has supplemental jurisdiction over the claims for unpaid wages under the Virginia Wage Payment Act and violations of the Virginia Minimum Wage Act pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to these claims occurred in this district. Specifically, the unpaid wages sought in this action were earned in this district. Similarly, the Norfolk Division is the proper division under Rule 3(C) of the Local Rules for the United States District Court for the Eastern District of Virginia.

## *III. FACTUAL ALLEGATIONS*

10. The Defendant Lachman, Inc. owns and operates a restaurant and live music venue called the South Beach Grill located at 1091 Norfolk Avenue in Virginia Beach, Virginia.

11. The defendants Charity Madden and Byron Madden are the owners and operators of the restaurant. Both worked in the restaurant almost every day.

12. Both Charity Madden and Byron Madden a) had the power to hire and fire employees; b) supervised or controlled employee work schedules or conditions of employment; and c) determined the rate and method of payment.

13. During the period from 2022 through March 17, 2026, inclusive, the South Beach Grill was an "enterprise engaged in commerce" within the meaning

of the FLSA, as it had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, and conducted credit card and debit card transactions in interstate commerce.

14. For example, during the period from 2022 through March 17, 2026, inclusive, the Defendants sold wine that had been moved or traveled in interstate commerce from such areas as California or from overseas. In addition, the Defendants sold alcoholic beverages – for example, Jack Daniel's® Bourbon and Maker's Mark® Bourbon – that had traveled in interstate commerce.

15. During the period from 2022 through March 17, 2026, inclusive, the Defendants had annual gross sales of more than $500,000.00.

16. During the period from 2022 through March 17, 2026, inclusive, the Defendants employed numerous hourly-paid, non-exempt individuals who worked as bartenders and servers at the South Beach Grill. These individuals are referred to herein as either "Bartenders" or "Servers." Plaintiffs represent all similarly-situated Bartenders and Servers.

17. During the period from 2022 through March 17, 2026, inclusive, Servers took orders for food and beverages from customers, communicated those orders to the kitchen staff, provided or served the food and beverages to those customers, and handled credit card and debit card payments. These actions included the handling of food and beverages some of which had moved

in interstate commerce and the interstate transmission of information for credit and debit card processing.

18. During the period from 2022 through March 17, 2026, inclusive, Bartenders took orders for food and beverages from customers, communicated those food orders to the kitchen staff, prepared both non-alcoholic and alcoholic beverages for customers, provided or served the food and beverages to those customers, and handled credit card and debit card payments. These actions included the handling of food and beverages some of which had moved in interstate commerce and the interstate transmission of information for credit and debit card processing.

19. In February 2022 Plaintiff Keller started working for the Defendants as a Bartender. Keller worked from approximately February 2022 to December 2025.

20. In May 2023 Plaintiff Michie started working for the Defendants as a Bartender. She is currently still employed by the Defendants at the South Beach Grill.

21. Plaintiff Barnes-Bratton worked as a Bartender at South Beach Grill for approximately five years. She started working in or about June 2019 and stopped working in December of 2024 before returning to work for about one month in August or September 2025.

22. Plaintiff Backus worked as a Server at South Beach Grill for approximately one year. She started working in or about January 2024 and stopped working in January 2025.

23. Plaintiff Daniels also worked at South Beach Grill for approximately five years, mainly as a Server but occasionally as a Bartender. She worked from 2019 to 2024, but continued to pick up some shifts in 2025.

24. The Defendants paid the plaintiffs in a twofold manner. First, the Defendants paid the Plaintiff Bartenders at the rate of $3.00/hour and, upon information and belief, the Plaintiff Servers at the rate of $2.13/hour, though as will be explained more fully below, there were many hours for which they did not pay the Plaintiffs at all.

25. Second, the Defendants utilized the federal tip credit, which under the FLSA permits certain employers to satisfy their remaining minimum wage obligations by treating a portion of the tips received by the Plaintiffs as if they were wages paid by the Defendants.

## OFF THE CLOCK WORK (POST-SHIFT)

26. Every single day that the Plaintiffs worked, the Defendants required both Bartenders and Servers to work “off the clock” hours.

27. More specifically, all Bartenders and Servers who worked the late or night shift were required to “clock out” shortly before the restaurant closed using

the restaurant's point of sale ("POS") system.[2] Despite the fact that they were "clocked out," all Bartenders and Servers were required to remain at the restaurant and continue working. Among other things, the Bartenders and Servers swept and mopped the restaurant, wiped the tables and the bar, cleaned the bathrooms, did side work, re-stocked silverware, and performed various other tasks.

---

[2] In the restaurant industry, a Point of Sale (POS) system is a specialized combination of hardware and software that acts as the "central hub" or "brain" for the entire business. While its basic function is to process payments, a modern POS manages almost every aspect of daily operations — from the moment a guest is seated to the final receipt.

A restaurant POS system typically handles these primary tasks:

**Order Management:** Servers input orders (dine-in, takeout, or delivery) directly into terminals or handheld tablets. These are instantly transmitted to the kitchen or bar.

**Payment Processing:** It securely accepts various payment methods, including credit/debit cards, mobile wallets (like Apple Pay), and cash. It also simplifies splitting bills and adding tips.

**Inventory Tracking:** The system automatically deducts ingredients from stock in real-time as items are sold, often providing low-stock alerts to prevent running out of key dishes.

**Staff Management:** Employees use the POS to clock in and out, allowing managers to track hours for payroll and monitor individual sales performance.

**Reporting & Analytics:** It generates detailed reports on sales trends, most popular menu items, and peak hours to help owners make data-driven decisions.

28. The Bartenders and Servers were never paid for these “off-the-clock” hours, which were not captured in the POS and not included in their paystubs.

29. On average, every Bartender and Server worked a minimum of from one hour up to four hours “off the clock” every time they worked the late shift.

**OFF THE CLOCK WORK – MONTHLY MEETINGS**

30. Besides the after-hours off the clock work, the Defendants required the Bartenders and Servers to attend monthly meetings at the restaurant. Attendance at these meetings was mandatory. If a Bartender or Server did not attend the monthly meeting and had no excuse, he or she would no longer be permitted to work at the restaurant.

31. The Plaintiff Bartenders and Servers did not clock in or out when they attended these monthly meetings. The Defendants did not include the hours Bartenders and Servers spent in these monthly meetings in their paystubs and did not compensate them for these hours.

32. Similarly, the Defendants required the Bartenders and Servers to participate in decorating the restaurant for the holidays. Again, this work was mandatory and if a Bartender or Server did not participate in decorating the restaurant, he or she would no longer be permitted to work at the restaurant.

33. The Plaintiff Bartenders and Servers did not clock in or out when they were required to decorate the restaurant. The Defendants did not include

the hours Bartenders and Servers spent decorating the restaurant in their paystubs and did not compensate them for these hours.

## NO NOTICE OF TIP CREDIT

34. The Defendant routinely and systematically violated 29 U.S.C. § 203(m)(2)(A) of the FLSA by applying the tip credit to the Bartenders' and Servers' pay.

35. In relevant part, that section states that the tip credit

> shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m)(2)(A)(ii).

36. From at least February 2022 until March 2026, the Defendants never advised any of the Bartenders or Servers orally or in writing that they would be using the federal tip credit when they paid the Bartenders or Servers. In addition, the Defendants never advised any of the Bartenders or Servers orally or in writing of the provisions of 29 U.S.C. § 203(m)(2)(A)(ii).

37. During the entire time the Plaintiffs worked in the restaurant, the restaurant did not have a FLSA minimum wage poster displayed anywhere in the restaurant in violation of 29 CFR § 516.4.

https://www.dol.gov/agencies/whd/posters/flsa

## ILLEGAL TIP POOL

38. The Defendants required the Bartenders to pool their tips.

39. The Defendants violated the FLSA in at least two respects when it came to tip pooling.

40. First, the Defendants required the Bartenders to pay a portion of their tips – usually 20% – to any barback[3] who was working behind the bar.

41. Barbacks were not on the payroll of the restaurant. Upon information and belief, the Defendants did not include the barbacks in the restaurant's Employer Quarterly Payroll Reports (Form VEC FC-21s) filed with the Virginia Employment Commission from 2022 through March 2026 and did not provide the barbacks with W-2s at year end.

42. Given that the barbacks were not employees of the restaurant, the Defendants violated the FLSA when they required the Bartenders to pay a portion of their tips to the barbacks. *See* 29 U.S.C. § 203(m)(2)(A)(ii) ("this subsection shall not be construed to prohibit the pooling of tips among *employees* who customarily and regularly receive tips.").

43. In addition, the defendant, Charity Madden, and the managers of the restaurant sometimes worked as bartenders. The Defendants required that the regular Bartenders pool and share their tips with Charity Madden or other managers whenever they (Charity Madden or the managers) worked as a

---

[3] A barback is a support staff member in a bar or nightclub who assists the bartender so drinks can be served quickly and smoothly.

bartender. This also violated federal laws on tip pooling. Managers and owners are not "tipped employees" and are not permitted to participate in a tip pool.

**WALK-OUTS AND UNPAID TABS**

44. Finally, the Defendants required Bartenders and Servers to compensate Defendants for customer walkouts or unpaid tabs.

45. Section 3(m)(2)(B) of the FLSA states: "An employer may not keep tips received by its employees for any purposes …, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

46. At all relevant times, the Defendants systematically and routinely violated 29 U.S.C. § 203(m)(2)(B) by keeping a significant portion of the Bartenders and Servers' tips and/or improperly using them for other purposes in violation of the FLSA.

**PAST VIOLATIONS**

47. The Defendants have a long-standing history of violating the requirements of the FLSA.

48. As noted above, Plaintiffs Barnes-Bratton and Daniels started working at the South Beach Grill in 2019. Plaintiff Keller started working at the South Beach Grill in February 2022.

49. From at least 2019 until the middle of 2022, the Defendants deducted cleaning fees from the tips of the Servers and Bartenders on every monthly paystub. This practice also violated the FLSA.

50. A true and accurate copy of several of Keller's paystubs from February 2022 into July 2022 as Exhibit 1. As can be seen on each of these paystubs, the Defendants illegally deducted either $10 or $5 from his paystubs for "cleaning."

51. An employer that avails itself of the federal tip credit is not permitted to withhold or deduct from its tipped employee's wages for any reason other than a valid tip pool.

## ***COLLECTIVE ACTION ALLEGATIONS***

52. Plaintiffs assert their FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following putative plaintiffs:

> All Bartenders and Servers employed by Defendants in Virginia Beach, Virginia at any time from March 2023 through the present.

53. Plaintiffs pursue their claims on behalf of all individuals who have opted into this action pursuant to 29 U.S.C. § 216(b).

54. Plaintiffs and the Collective Class are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) because, inter alia, Defendants employed a uniform system of failing to pay all Bartenders and Servers for off the clock work; failing to provide the notice of the tip credit required by the FLSA; failing to pay them at the required minimum wage rate; and keeping, collecting, or using portions of the Bartenders and Servers' tips in violation of 29 U.S.C. § 203(m). This method of paying (or not paying) Bartenders and Servers was part of a common policy that affected Plaintiffs and the putative class.

55. All, or virtually all, of the legal and factual issues that will arise in litigating the collective claims are common to Plaintiffs and the putative class. These issues include (1) whether and to what extent the Defendants unlawfully required the Bartenders and Servers to work off the clock; (2) whether the Defendants failed to give notice that complied with 29 U.S.C. § 203(m); (3) whether the Defendants failed to pay the Bartenders and Servers at the required federal minimum wage rate of $7.25/hour and the state minimum wage rates of $12.00/hour (2023 and 2024), $12.41/hour (in 2025), and $12.77/hour (2026); and (4) whether the Defendants improperly kept, collected, or used for themselves a portion of the tips earned by the Plaintiffs and the other similarly-situated Bartenders and Servers – either through sharing the proceeds of the tip pool with non-employees or managerial employees or by deducting for walk-outs and unpaid tabs.

56. Plaintiffs are appropriate representatives for the purposes of the Court certifying a collective action. Plaintiffs' FLSA claims are the same or similar to the claims of other potential class members.

## COUNT I – UNPAID MINIMUM WAGES (FLSA) – VIOLATION OF 29 U.S.C. § 206(a)

57. The allegations in paragraph 1 – 56 are incorporated by reference as if fully set forth herein.

58. Plaintiffs bring this claim on behalf of themselves and the putative class, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

59. At all times material to the allegations herein, Plaintiffs and the putative class have been employees entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

60. At all relevant times Defendants are and have been employers covered by the FLSA.

61. The FLSA requires that covered employees receive wages at a rate of not less than $7.25 per hour. 29 U.S.C. § 206(a).

62. Plaintiffs and the putative class are and/or were victims of a common, company-wide compensation policy that (1) failed to compensate them for off the clock work; (2) failed to pay the correct minimum wage rate by illegally applying the tip credit to their wages and (3) illegally deprived the Bartenders and Servers of a portion of their tips.

63. The Defendants knew or showed reckless disregard for the matter of (1) whether their failure to pay wages at the correct rate was prohibited by law and (2) whether their keeping or using for themselves portions of its Bartenders and Servers' tips was prohibited by law; and the Defendants' actions were not taken in good faith.

64. The Plaintiffs and the putative class have been damaged by the Defendants' failure to pay wages, failure to pay wages at the minimum wage rate and the Defendant's wrongful retention and/or use of portions of their (Bartenders' and Servers') tips.

## COUNT II – VIOLATION OF VIRGINIA WAGE PAYMENT ACT

65. The allegations in paragraph 1 – 64 are incorporated by reference as if fully set forth herein.

66. Plaintiffs bring this claim on behalf of themselves and the putative class, pursuant to Va. Code § 40.1-29(j).

67. At all times material to the allegations herein, Plaintiffs and the putative class have been employees entitled to the rights, protections, and benefits provided under the Va.Code § 40.1-29 (Virginia Wage Payment Act).

68. At all relevant times Defendants are and have been employers covered by the Virginia Wage Payment Act.

69. Plaintiffs and the putative class are and/or were victims of a common, company-wide compensation policy that (1) failed to compensate them for off the clock work; (2) failed to pay the correct minimum wage rate by illegally applying the tip credit to their wages and (3) illegally deprived the Bartenders and Servers of a portion of their tips.

70. The Plaintiffs and the putative class have been damaged by the Defendants' failure to pay wages, failure to pay wages at the required state minimum wage rates, and the Defendant's wrongful retention and/or use of portions of their (Bartenders' and Servers') tips.

## COUNT III – VIOLATION OF VIRGINIA MINIMUM WAGE ACT

71. The allegations in paragraph 1 – 70 are incorporated by reference as if fully set forth herein.

72. At all times material to the allegations herein, Plaintiffs and the putative class have been employees entitled to the rights, protections, and benefits provided under the Virginia Minimum Wage Act (Va. Code §§ 40.1-8 to 40.1-28.12).

73. At all relevant times Defendants are and have been employers covered by the Virginia Minimum Wage Act.

74. Plaintiffs and the putative class are and/or were victims of a common, company-wide compensation policy that (1) failed to compensate them for off the clock work; (2) failed to pay the correct minimum wage rate by illegally applying the tip credit to their wages and (3) illegally deprived the Bartenders and Servers of a portion of their tips.

75. The Plaintiffs and the putative class have been damaged by the Defendants' failure to pay wages, failure to pay wages at the required state minimum wage rates, and the Defendant's wrongful retention and/or use of portions of their (Bartenders' and Servers') tips.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. A judgment against Defendants and in favor of Plaintiffs and those they seek to represent, for compensation for all unpaid wages and tips that Defendant failed to pay in violation of the FLSA, including at least $50,000 in unpaid wages and tips to Plaintiff Keller, at least $30,000 in unpaid wages and

tips to Plaintiff Michie, at least $30,000 in unpaid wages and tips to Plaintiff Barnes-Bratton, at least $15,000 in unpaid wages and tips to Plaintiff Backus, and at least $30,000 in unpaid wages and tips to Plaintiff Daniels;

B. Liquidated damages to the fullest extent permitted under the FLSA and the Virginia Wage Payment Act;

C. Litigation costs, expenses, and Plaintiffs' attorney's fees to the fullest extent permitted under the FLSA, Federal Rule of Civil Procedure 54(d); the Virginia Wage Payment Act (Va. Code § 40.1-29 (J)); and the Virginia Minimum Wage Act (Va. Code §§ 40.1-8 to 40.1-28.12);

D. Prejudgment and post-judgment interest at the greatest rate permitted under the FLSA; and no less than the statutory rate of 8% under the Virginia Wage Payment Act (Va. Code § 40.1-29 (G)) or the Virginia Minimum Wage Act (Va. Code § 40.1-28.12); and,

E. Such other and further relief as this Court deems just and proper in equity and under the law.

**The Plaintiffs request a trial by jury.**

**PAUL W. KELLER**
**TAUNYIA K. MICHIE**
**HEATHER J. BARNES-BRATTEN**
**JESSICA E. BACKUS**
**HAILIE DANIELS**

By______________ ***/s/*** ______________

Christian L. Connell (Bar No. 35009)
Attorney for Plaintiffs
CHRISTIAN L. CONNELL, P.C.
555 East Main Street, Suite 1102
Norfolk, Virginia 23510
757.533.6500
757.299.4770 (fax)
Email: christian.connell@outlook.com